IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK JOSEPH KON,<br><br>                 Petitioner,<br><br>    vs.<br><br><br>NANCY DAHLSTROM, Commissioner,<br>Alaska Department of Corrections,[1]<br><br>                 Respondent. | No. 3:18-cv-00109-JKS<br><br>MEMORANDUM DECISION |

Mark Joseph Kon, a former state prisoner now represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254, seeking review of the Alaska Superior Court's revocation of his probation related to his 1998 conviction for first-degree sexual abuse of a minor. At the time he filed his Petition, Kon was in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at Goose Creek Correctional Center. Public records indicate that Kon was released on probation on May 18, 2018, and is now under supervised custody. *See* https://vinelink.vineapps.com/search/AK (Inmate No. 389388). Respondent has answered, and Kon has replied.

---

[1] Nancy Dahlstrom, Commissioner, Alaska Department of Corrections, is substituted for the State of Alaska. FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

I. BACKGROUND/PRIOR PROCEEDINGS

In 1998, Kon pleaded no contest to two counts of first-degree sexual abuse of a minor involving his daughters. He was sentenced to a composite term of 30 years' imprisonment with 18 years suspended. After serving his active term of imprisonment, Kon was released on probation in 2010. As a condition of probation, Kon was required to "actively participate in and successfully complete an approved sexual offender treatment program as directed by the Department of Corrections." The same condition mandated that Kon "[was] not to discontinue treatment without the written approval of [his] Probation/Parole Officer." Pursuant to this condition, Kon was assigned to a sex offender treatment program tailored to defendants, like Kon, who refused to acknowledge that they had committed a sexual offense, known as a "deniers group."

In September 2013, the DOC petitioned the superior court to revoke Kon's probation on the ground that he had violated the condition requiring him to engage in sex offender treatment. According to the petition, Kon was discharged from the deniers group when he yelled "Up yours!" to the group leader and said "I don't give a fuck about you or your fucking program" after the group leader asked him to leave for answering a phone call during a session. The superior court found that Kon had violated his probation and imposed 40 months of previously-suspended prison sentence.

Through counsel, Kon appealed the revocation of his probation and his sentence, arguing that: 1) the evidence presented to the superior court was legally insufficient to support the superior court's finding that he willfully discontinued his sex offender treatment; 2) the probation condition requiring him to engage in sex offender treatment was so vague that he lacked fair notice of what conduct would constitute a violation of the condition; and 3) the 40-month sentence was excessive. The Alaska Court of Appeal unanimously affirmed the judgment of the superior court is a reasoned, unpublished opinion issued on November 29, 2017. *Kon v. State*, No. A-11867, 2017 WL 5998766, at *3 (Alaska Ct. App. Nov. 29, 2017) ("*Kon I*").

While the appeal was pending, Kon was released on bail in July 2014 and reassigned to the deniers group. Four months later, the DOC again petitioned the superior court to revoke Kon's probation for failure to comply with the probation condition requiring him to engage in sex offender treatment. Although Kon had attended the required sessions, he refused to acknowledge that he had sexually abused his daughters at the end of the month-long session. The superior court held an evidentiary hearing on the motion, at which Kon's probation officer testified that, even in the deniers group, "defendants are required to admit that they engaged in some kind of sexual offense, so that they 'can then move forward [with] community-based sex offender treatment,' work out a 'relapse prevention plan,' and work on 'coping strategies to deal with high-risk situations.'" *Kon v. State*, No. A-12287, 2018 WL 480454, at *2 (Alaska Ct. App. Jan. 17, 2018) ("*Kon II*"). At the conclusion of the hearing, the trial court "f[ound] . . . by the preponderance of the evidence that [Kon] was discharged as unsuccessful from the deniers group." *Id.* at *3. The court revoked Kon's probation and imposed 18 months of Kon's previously-suspended jail time.

Again proceeding through counsel, Kon filed another direct appeal that challenged the second probation revocation. Kon argued *inter alia* that the wording of his condition of probation failed to give him sufficient notice of what it meant to "actively participate in" or "successfully complete" sex offender treatment and that his sentence was excessive. The Alaska Court of Appeal affirmed the revocation of Kon's probation and the 18-month sentence he received in a reasoned, unpublished opinion issued on January 17, 2018. *Kon II*, 2018 WL 480454, at *5. Kon petitioned the Alaska Supreme Court for discretionary review of both revocation decisions, which were summarily denied on March 6, 2018, and April 30, 2018, respectively.

Kon timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court dated April 26, 2018. Docket No. 1; *see* 28 U.S.C. § 2244(d)(1),(2). Kon concurrently moved for the appointment of counsel, and a previously-assigned district court judge appointed the Federal

Public Defender's Office as counsel. Docket Nos. 3, 5. After reviewing Kon's case, appointed counsel filed a Certificate of No Merit Briefing Pursuant to *Anders v. California*, 386 U.S. 738 (1967). Docket No. 13 ("*Anders* brief"). Appointed counsel concluded that, because Kon's petitions for hearing to the Alaska Supreme Court did not cite or discuss federal law, Kon had not exhausted his potential federal habeas claims. *Id.* at 1. Counsel moved to withdraw from the case. *Id.* at 4.

This Court held a hearing to address counsel's withdrawal motion and ordered Respondent to file briefing addressing Kon's claims for relief and the *Anders* certificate. Docket No. 19. The Court also ordered that the Federal Public Defender's Office would continue to represent Mr. Kon, but allowed Kon an opportunity to reply to Respondent's briefing on his own behalf and also address the *Anders* brief. Docket No. 27. Briefing is now complete, and the case is before the undersigned judge for adjudication.

## II. GROUNDS/CLAIMS

In two direct appeals before the state courts, Kon challenged the two revocations of probation on the grounds that: 1) there was insufficient evidence that he violated the probation condition; 2) the probation condition was too vaguely worded to give him sufficient notice of what type of conduct would violate the condition; and 3) each sentence imposed following revocation was excessive. In his *pro se* Petition before this Court, Kon raises two claims relating to his initial 1998 conviction following his no contest plea. Namely, Kon contends that: 1) his original trial attorney failed to file an appeal on his behalf; and 2) he was subjected to anti-Semitic comments while incarcerated on his initial conviction.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state

-5-

court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

**A.** **Mootness**

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See*, *e.g.*, *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief). Mootness is a jurisdictional issue. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir.

2009).

The record before this Court indicates that Kon has, since the filing of his Petition, been released from prison on probation.[2] Neither party has briefed the issue of mootness in these proceedings; however, the Court must consider jurisdictional issues even when they are not raised by the parties. *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002). It is not clear to the Court whether Kon is still subject to the probation condition he challenged before the state courts.[3] It appears, however, that if Kon were successful in challenging his probation revocation, he would be entitled to re-sentencing, which could potentially result in the reduction or elimination of his remaining probation term or suspended sentence. It therefore appears that this case is not moot and is properly before the Court. *See United States v. Hulen*, 879 F.3d. 1015, 1018 (9th Cir. 2018).

B.  Claims Raised Before the State Courts

1.  Exhaustion

Respondent urges the Court to dismiss this case on exhaustion grounds, noting that

---

[2] Because it appears that Kon was in state prison when he filed the initial *pro se* petition on April 26, 2018, he satisfies the "in custody" requirement of 28 U.S.C. § 2254(a) (limiting § 2254 to those persons "in custody pursuant to the judgment of a State court" at the time the petition is filed). *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) ("in custody" requirement for purposes of federal habeas relief met for petitioner on probation).

[3] In any event, Kon does not seek injunctive relief such as eliminating the probation condition that requires successful completion of sex offender treatment on the grounds that requiring him to admit responsibility violates his rights against compelled speech (freedom of speech) or self-incrimination. Moreover, courts have recognized that requiring a convicted sex offender to show "acceptance of responsibility for past offenses is a critical first step in a prison's rehabilitation program for such offenders" that overrides that individual's First Amendment rights, *see Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010) (citations and quotation marks omitted), and "[r]equiring inmates labeled as sex offenders to admit their offenses and take responsibility for their sexual behaviors as part of the treatment program does not violate the inmates' privilege against self-incrimination," *Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997); *see also Minnesota v. Murphy*, 465 U.S. 420, 435-36 n.7 (1983) ("[A] state may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination.").

-7-

appointed counsel has also concluded that Kon failed to exhaust any of the claims he raised on direct appeal to the state courts.[4] This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. To satisfy the "fairly present" requirement, the petitioner must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal Constitution or statutes or by citing to federal case law. *Robinson v. Schiro*, 595 F.3d 1086, 1101 (9th Cir. 2010). Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.

---

[4] In *Anders*, the U.S. Supreme Court "set forth a procedure for an appellate counsel to follow in seeking permission to withdraw from representation when he concludes that an appeal would be frivolous; that procedure includes the requirement that counsel file a brief 'referring to anything in the record that might arguably support the appeal.'" *Smith v. Robbins*, 528 U.S. 259, 268 (2000) (quoting *Anders*, 386 U.S. at 744). Because there is no general constitutional right to counsel in collateral post-conviction review proceedings, however, petitioners do not have a constitutional right to insist on the *Anders* procedures in federal habeas proceedings. *See Graves v. McEwen*, 731 F.3d 876, 878 (9th Cir. 2013). In any event, appointed counsel's review of the case and subsequent briefing, and this Court's order allowing Mr. Kon an opportunity to respond, complied with the *Anders* framework. *See Anders*, 386 U.S. at 744.

*Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Once the petitioner fairly presents the claim to the state courts, exhaustion is satisfied even if the state court's decision is silent on the particular claim. *See Dye v. Hofbauer*, 546 U.S. 1, 3, (2005) (per curiam).

As appointed counsel concedes, although Kon raised his insufficiency of the evidence and harsh sentencing claims all the way to the Alaska Supreme Court by petition for review, those claims were raised solely in state law terms without reference to any federal constitutional violation. And although Kon argued in federal constitutional terms before the Alaska Court of Appeal that the probation condition requiring him to successfully complete sex offender treatment was too vague to give him sufficient notice of conduct that would violate the condition, he did not raise that claim in either of his petitions for review before the Alaska Supreme Court. Accordingly, none of the claims Kon argued before the state court have been properly exhausted.

Unexhausted claims are subject to dismissal. *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005). However, this Court need not rely on this basis as it may deny the Petition on the merits notwithstanding the lack of exhaustion of state court remedies. 28 U.S.C. § 2254(b) (2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("[C]ourts are empowered to, and in some cases should, reach the merits of habeas petitions if they are . . . clearly not meritorious despite an asserted procedural bar."). Accordingly, this Court declines to dismiss the unexhausted claims solely on exhaustion grounds and will instead reach the merits of the claims as discussed below.

### 2. **Merits**

#### i. *Sufficiency of the Evidence*

Kon first argued in both direct appeals (i.e., *Kon I* and *Kon II*) that the evidence was legally insufficient to support either the first or second probation revocation. The standard of proof beyond a reasonable doubt, which typically applies in criminal cases, does not apply in probation revocation proceedings. *See United States v. Knights*, 534 U.S. 112, 120 (2001) (probationers re-engaging in criminal activities "face risk of probation, and possible incarceration, in proceedings in which the trial rights of a jury and proof beyond a reasonable doubt, among other things, do not apply"). In *Douglas v. Buder*, 412 U.S. 430, 432 (1973), the U.S. Supreme Court held that a finding of a probation violation was unconstitutional where the finding was "so totally devoid of evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment."

At least one Circuit has equated the *Douglas v. Buder* standard to the "some evidence" standard applicable to the revocation of a prisoner's good time credits in prison disciplinary proceedings set forth in *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 455 (1985). *See Newmones v. Sec'y, Florida Dep't of Corrs.*, 546 F. App'x 812, 816 (11th Cir. 2013). Under the "some evidence" standard, the Court does not examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003); *see also Castro v. Terhune*, 712 F.3d 1304, 1315 (9th Cir. 2013) (court may not "examine the entire record, independently assess witness credibility, or reweigh the evidence") (citation and internal quotations omitted). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion." *Hill*, 472 U.S. at 455-56; *Bruce*, 351 F.3d at 1287.

Other courts, including some district courts in this Circuit, have applied a "modified" version of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original), which asks whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
*See McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard). By its literal terms, however, *Jackson* applies to criminal proceedings and convictions, and not to the post-conviction revocation of probation in state trial courts. *See Jackson*, 443 U.S. at 319; *cf. United States v. Aquino*, 794 F.3d 1033, 1035-36 (9th Cir. 2015) *(Jackson* standard applied in the review of federal supervised release violation). Nonetheless, some district courts have evaluated the sufficiency of the evidence in support of a state probation revocation by asking whether any rational trier of fact could have found, by a preponderance of the evidence, that the probationer violated any of the conditions of his probation. *See, e.g.*, *Ajaj v. Sierra Conservation Ctr.*, 2014 WL 1364939, No. CV 11-5782, at \*5 (C.D. Cal. Apr. 3, 2014). Under the *Jackson* standard, it is still within the province of the state trial court to determine the credibility of witnesses, and the Court assumes that the finder of fact resolved any conflicts in the evidence, made all reasonable inferences, and considered the evidence at trial in a manner that supports the verdict. *Jackson*, 443 U.S. at 318-19.

Ultimately, however, this Court need not determine whether the *Douglas v. Buder* standard or the modified *Jackson* standard should apply in the present case. Under either standard, Kon's challenge to the sufficiency of the evidence plainly fails. This is particularly true given that, because the AEDPA applies to Kon's case, this Court must apply an "additional layer of deference" to legal insufficiency claims. *See Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005; *see also Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011) (where insufficiency of the evidence claim is "subject to the strictures of AEDPA, there is a double dose of deference that can rarely be surmounted"). In this case, the state courts' determinations that Kon violated the terms of his probation, during both the original and subsequent probationary periods, is reasonable. Given the facts as recounted by the Alaska Court of Appeals, a rational trier of fact could have certainly found that Kon's disruptive behavior in the first probationary period, and his unwillingness to comply with the express terms of the treatment with respect to the second

-11-

probationary period, constituted "some evidence" under the *Douglas v. Buder* standard to support both probation revocations as well as evidence from which a rational judge could have found both probation violations by a preponderance of the evidence under the modified *Jackson* standard. Simply put, the state courts' rejection of Kon's challenge to the sufficiency of the evidence was not contrary to, or an objectively unreasonable application of, any clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d).

More troubling, however, is any contention that the probation revocation was unlawful because adhering to the condition requiring successful completion of sex offender treatment would require him to admit against his will some of the facts underlying his conviction. The Alaska Court of Appeal considered and rejected this claim as follows:

> To the extent Kon is arguing that he was entitled to refuse treatment because he asserts that he is factually innocent of sexually abusing his daughters, we reject that assertion. When Kon pleaded no contest to sexually abusing his daughters, he agreed that the superior court could sentence him under the assumption that he had committed these crimes (even though Kon refused to admit the truth of the allegations). Thus, at the probation revocation hearing, the superior court was authorized to proceed under the assumption that Kon had sexually abused his daughters.

*Kon II*, 2018 WL 480454, at *3 (footnote omitted).

Under Alaska law, a no contest plea is equivalent to a guilty plea. *See Scott v. State*, 928 P.3d 1234, 1237-38 (Alaska Ct. App. 1996) (holding that a defendant's no contest plea "is an admission of every essential element of the offense well pleaded in the charge" and that, when sentencing a defendant who has pleaded no contest, a judge "is entitled to treat each element of the offense as having been proved, despite the defendant's protestations of innocence"); *see also Ashenfelter v. State*, 988 P.2d 120, 123 (Alaska Ct. App. 1999). The Ninth Circuit has similarly held that, "[b]ecause 'a federal probation revocation hearing is clearly not a civil suit growing out of the act charged,' a conviction resulting from a [no contest] plea is no different 'from any other conviction for purposes of a federal probation revocation hearing.'" *United States v. Verduzco*, 330 F.3d 1182, 1185 (9th Cir. 2003) (quoting *United States v. Guardarrama*, 742 F.2d

487, 489 (9th Cir. 1984) (holding that a state conviction resulting from a nolo contendere plea, which is equivalent to a guilty plea under California law, is probative of a charge that a supervised releasee violated the terms of his release that he not commit "another . . . crime" and reliance on the plea and conviction did not violate releasee's due process rights). The decision of the Alaska Court of Appeal thus does not contravene or unreasonably apply Federal law, much less clearly-established authority of the U.S. Supreme Court. In the absence of clearly-established Supreme Court law supporting this claim, and in light of the discussion in footnote 3, *supra*, Kon cannot obtain federal habeas relief. *See Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) ("it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (citations and internal quotations omitted); *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law") (citation, internal brackets and quotations omitted).

        ii.        Insufficient Notice

Kon additionally contended in each appeal that the trial court failed to give him sufficient notice of what it meant to "actively participate in" sex offender treatment, or of what it meant to "successfully complete" that treatment. Specifically, he averred that those two phrases did not specify that he would have to admit some of the facts of the underlying criminal offenses that led to his conviction.

An essential component in due process is that persons placed on probation or parole be given fair warning of the acts which may lead to the revocation of their probation or parole. *See United States v. Grant*, 807 F.2d 837, 838 (9th Cir. 1987). Here, however, "Kon was explicitly told by his treatment provider and his probation officer that, in order to stay in treatment, he would have to acknowledge at least some aspects of the underlying offenses." *Kon II*, 2018 WL 480454, at \*4. The state court's finding to that effect is both reasonable and fully supported by

the record, and thus undermines any claimed lack of notice.

### iii. Harsh Sentence

Finally, Kon challenged on direct appeal the 40 and 18 months' previously-suspended jail time imposed by the trial court for the first and second probation revocations, respectively. The Court of Appeals affirmed each sentence as "not clearly mistaken." *Kon I*, 2017 WL 5998766, at *3; *Kon II*, 2018 WL 480454, at *4.

Kon fares no better on federal habeas review. It is well-established that sentencing error claims which involve solely the interpretation and/or application of state sentencing law are not cognizable on federal habeas review. *See, e.g.*, *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993); *see also Estelle*, 502 U.S. at 67-68 (reiterating that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus.").

Moreover, even if Kon had raised a federal claim alleging cruel and unusual punishment in violation of the Eighth Amendment, he would not be entitled to relief on it. The Eighth Amendment, applicable to the States through the Fourteenth Amendment, proscribes the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII; *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008). The Supreme Court has held that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citation omitted). In determining whether to infer gross disproportionality, a federal court should examine whether a petitioner's sentence is justified by the gravity of his triggering offense and his criminal history, a process similar to the three-pronged approach employed by California

state courts. *See Ramirez v. Castro*, 365 F.3d 755, 768 (9th Cir. 2004). In light of the applicable United States Supreme Court authority, Kon cannot show that his sentence was disproportionate or excessive in light of his actions in frustrating efforts at sex offender rehabilitation. *See, e.g.*, *Ewing v. California*, 538 U.S. 11, 29-30 (2003) (sentence of 25 years to life for grand theft of $1,200 of golf clubs was not cruel and unusual); *Lockyer*, 538 U.S. at 77 (two consecutive sentences of 25 years to life for petty theft was not cruel and unusual). Kon is thus not entitled to relief on any challenge to either sentence imposed as a result of his probation revocations.

### C. *Pro Se Claims for Relief*

In his initial *pro se* Petition for habeas relief (Docket No. 1), Kon brings two claims relating to his 1998 initial conviction. First, he faults plea counsel for failing to appeal his conviction following his no contest plea. He additionally alleges that he was subjected to anti-Semitic comments and threats while incarcerated on his initial conviction.

Under the AEDPA, there is a one-year limitations period in which a state prisoner may file a federal habeas petition challenging his or her state conviction:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, judgment was entered on the underlying criminal offenses on September 22, 1998. Because Kon did not file a direct appeal, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) 30 days later on October 22, 1998, when the time for filing such appeal expired. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). The one-year deadline under the AEDPA had long passed by the time Kon filed the initial *pro se* Petition on April 26,

2018.  Consequently, Kon is not entitled to relief on the claims raised in that Petition either.

## V. CONCLUSION AND ORDER

Kon is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: October 16, 2019.

 /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
